ELIZABETH SPENCE v. O. F. BAXTER et als.

*Evidence—Jury—Practice.*

1. Where there is a conflict between the recollection of the trial judge and counsel as to what a certain witness testified, it is not error for the judge to leave the matter to the jury as to what the evidence is.

2. In such case it is not error for the trial judge to refuse to tell the jury that the witness had testified to certain facts, when his notes do not show any such testimony, and he has no recollection of it. It is entirely proper for him to leave the matter to the jury to remember what the evidence was.

(*State* v. *Keath*, 83 N. C., 626, cited and approved).

This was a CIVIL ACTION, tried before *Shipp, Judge,* and a jury, at Fall Term, 1886, of CAMDEN Superior Court.

The plaintiff complained that the defendants, under the avowed purpose of searching for the body of an unknown man, alleged to have been murdered during the late war, and buried upon her plantation, obtained permission from the plaintiff in June, 1885, to search for the body.

In pursuance of the license, the defendant Baxter and one Jones met upon her land, and after digging it up in several places, abandoned the search.

That some time after this, the defendants, O. F. Baxter, Sr., O. F. Baxter, Jr., and one Tatum, charged her with having some information about the facts they were investigating, and offered her one hundred dollars if she would disclose them. She denied knowing anything about it, refused their money, and told them that if she knew anything about the matter she would disclose it without money.

Not long after this, the defendants again came to her house and asked permission to renew the search, which she refused, and ordered them to leave, and forbade them from entering upon her premises again for any purpose whatever. But in disregard of her refusal, and order to leave her premises, the defendants, prior to the institution of this action, wrongfully, wantonly and maliciously, and with strong hand, entered on her premises, and with a spade dug up her land, damaged her premises, and in a rude and offensive manner, used violent and abusive language, and threatened to do her bodily harm, asserting at the time that they would make the search at all hazards, in defiance of her protestations; that she could make the most of it, and pursue any course she thought proper.

There were a good many witnesses examined on both sides, and among others one J. R. Etheridge, who testified among other things, that at the Court preceding, he carried the plaintiff to Court three days, and on one of the days, while returning home, she stated to him that Dr. O. F. Baxter, one of the defendants, promised to pay her for the digging: that she had not been damaged at all, and if she had not brought the suit she would not.

It was claimed by the counsel for defendants, that Etheridge further testified that she said "she would not have brought the suit, but for other persons who got her to do it."

Counsel for the defendants, in the argument of the case, stated this testimony to the jury and commented on its bearing upon the case.

Counsel was not interrupted either by counsel for the plaintiff or by the Court; and counsel for plaintiff did not make mention of the evidence referred to at any time.

When the Judge came to charge the jury, he repeated the evidence of the other witnesses, and this evidence of the witness Etheridge, omitting the latter part of it, to-wit: "that she would not have brought the suit, but for other persons who got her to do it." After the Court had completed reading over all of the

evidence and fully charging the law upon the same to the jury, the counsel for defendants said that the witness Etheridge testified that plaintiff told him that she would not have brought the suit but for other persons who got her to do it, and asked the Court to tell the jury that said witness testified to the same.

The Court stated that he did not hear that part of the witness's testimony ; *that he had heard the defendants' counsel commenting upon it, and thought of calling it to his attention at the time, but did not;* that he did not have it on his notes, but he left it to the jury to say what the testimony was. The Court then told the jury, they were the judges of the facts; that they must take the testimony from the witnesses and not from his notes.

Defendants' counsel, after verdict for the plaintiff, moved for a new trial on account of the remarks of the Judge on this part of the testimony. Motion overruled, and judgment for the plaintiff.

Counsel for the defendants excepted, on the ground that the Court did not tell the jury that witness Etheridge stated in his testimony that plaintiff told him "that she would not have brought it but for other persons who got her to do it;" and the further ground that the remarks of the Judge were calculated to cast doubt upon and weaken the testimony of the said witness.

*Mr. E. F. Aydlett*, for the plaintiff.
*Mr. E. C. Smith*, for the defendants.

ASHE, J. (after stating the facts). We are unable to see how the defendants could have been prejudiced by what occurred on the trial. There was nothing said by his Honor that was calculated to influence the jury, or create a wrong impression upon their minds prejudicial to the defendants. The remark complained of, " that he had heard the defendants' counsel commenting upon it (the testimony of Etheridge), and thought of calling it to his attention at the time, but did not," was fully

explained, by telling the jury that he did not have it on his notes, but he left it to the jury to say what the testimony was; that they were the judges of the facts, and must take the testimony from the witnesses and not from his notes. This was fair and proper, and all that the defendants had the right to expect. There was no conflict between the Court and the counsel of the defendants. His Honor did not insist that the testimony had not been given. It was the province of the jury to determine whether the evidence had been given, and his Honor, very properly, submitted it to their recollection and determination.

This case is very like that of *State* v. *Keath*, 83 N. C., 626, when there was a conflict of memory between the Court and counsel of the prisoner as to what a witness had testified. This Court said, " His Honor might very properly have insisted upon his notes as the correct statement of the testimony of the witness, but as his Honor candidly told the jury that he might be mistaken in the notes of the testimony, and they might use the notes for refreshing their memory as to what he did say, but it was from the mouth of the witness they were to get the testimony upon which to found their verdict, it was fairly submitting the question of fact to the recollection of the jury." And the exception was overruled and a new trial refused upon that ground.

As to the other ground of exception, that his Honor did not tell the jury that Etheridge testified that plaintiff told him "that she would not have brought it (the suit) but for other persons who got her to do it," is, we think, duly disposed of by the comments upon the other exception. His Honor could not conscientiously tell the jury that evidence had been offered which he had not heard; all he could do, was what he had done—submit the matter to their recollection.

There is no error, and the judgment of the Superior Court is affirmed.

No error.                                        Affirmed.